*54 OPINION.
Trammell:
The question to be determined is, Was Comey indebted to the corporation in the amounts stated during the fiscal year 1919, or were the amounts that he withdrew distributions of profits ?
In determining this question all the facts and circumstances in the case must be considered. The evidence shows that since the time of the organization of the corporation in 1905, Comey had been withdrawing, for his own personal use, vario'us amounts from the corporation. His salary of $25,000 per year and dividends had been credited to the account, and subsequent to the taxable year involved $75,000 in cash was paid by Comey and a note given for the balance of the account. Comey recognized his liability to the corporation and was financially able to pay the amounts withdrawn. All of the facts, taken together, convince us that the amounts withdrawn by Comey were not distributions of profits but represented bona fide indebtedness to the corporation. The withdrawals were not to be counterbalanced merely by subsequent dividends. The amount of salary was also credited against that account and the account was finally adjusted by a cash settlement. As also indicative of the fact that the amo'unts did not represent distributions of profits or dividends, no other stockholder received or withdrew amounts in excess of salary or dividends credited to him. It would not seem reasonable that one stockholder, owning a substantial amount of stock, would permit another stockholder to withdraw money from the corporation in excess of his pro rata share of dividends and his salary unless there was to be an accounting to the corporation for such amounts.
Order of redeterrrdnation will be entered on lb days’ notice, und,er Rule 50.
Considered by Moréis, Siefkin, and Smith.